# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLL KING MENDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>LOANME, INC., JONATHAN WILLIAMS, DOES 1-50,<br><br>    Defendants. | Case No. 20-cv-00002-BAS-AHG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*<br><br>**[ECF No. 2]** |

On January 2, 2020, Plaintiff Caroll King Mendez, proceeding *pro se*, filed a complaint against Defendants LoanMe, Inc. and Jonathan Williams, alleging that Defendants "intentionally and deliberately discriminated on the basis of his Hispanic ethnicity with a predatory loan that was funded without any underwriting safeguards for the sole purpose of failure." (Compl. at 5, ECF No. 1.) On the same day, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP Motion"). (ECF No. 2.) For the following reasons, the Court **GRANTS** Plaintiff's IFP motion.

Under 28 U.S.C. § 1915, a litigant who is unable to pay the filing fee to commence a legal action because of indigency may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to

- 1 -

exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is self-employed and receives $2,250.00 monthly in wages. (IFP Mot. ¶¶ 2, 3.) No other sources of income are listed. (*Id.*) Although Plaintiff indicates he owns a home and a vehicle, he states that he has two unpaid mortgages with Bank of American and Ditech, and lists only $210.00 in his

- 2 -

20cv02

checking account. (*Id.* ¶¶ 4, 5.) Plaintiff also lists monthly expense includes a mortgage payment of $2,500.00 and owes a debt of $25,000.00 to LoanMe, Inc., which is the subject of this action. (*Id.* ¶¶ 6, 8.) Plaintiff's expenses and debt are clearly greater than his current sources of income, and as such, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

Accordingly, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2.) However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.

Further, the Court:

(1) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with blank U.S. Marshal Forms 285 for Defendants LoanMe, Inc. and Jonathan Williams (collectively, "Defendants"). In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete a Form 285 for each Defendant as completely and accurately as possible, **<u>include an address where each Defendant may be found</u>**, and return the Forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package.

(2) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and Summons upon Defendants as directed by Plaintiff on each USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

(3) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include, with every

original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L. R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants, may be disregarded.

**IT IS SO ORDERED.**

DATED: January 22, 2020

Hon. Cynthia Bashant
United States District Judge