# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLL KING MENDEZ,<br><br>                       Plaintiff,<br>  v.<br>LOANME, INC., *et al.*,<br>                       Defendants. | Case No. 20-cv-00002-BAS-AHG<br><br>**ORDER GRANTING DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR LIMITED DISCOVERY**<br><br>**[ECF No. 16]** |

On November 12, 2020, Defendants LoanMe, Inc. and Jonathan Williams moved *ex parte* to conduct limited discovery relating to Plaintiff's purported arbitration opt-out letter before the evidentiary hearing on December 3, 2020. (ECF No. 16.) Defendants state that they have requested the opt-letter from Plaintiff on multiple occasions but have received no response. (*Id.* at 2.) The *ex parte* application is unopposed.[1]

Under Federal Rule of Civil Procedure 26(b)(1), any matter relevant to a claim or a defense is discoverable. In the context of arbitration, however, the Federal Arbitration Act ("FAA") provides for discovery related to a motion to compel arbitration only if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir.1999) (citing 9 U.S.C. § 4). This also includes a party's decision to opt out of an arbitration agreement. *See Erwin v. Citibank, N.A.*, No. 3:16-CV-03040-GPC-KSC, 2017 WL 1047575, at *4 (S.D. Cal. Mar. 20, 2017) ("[W]hether or not Plaintiff opted out of the 2015 Arbitration Agreement is

---

[1] *Ex parte* applications that are not opposed within two Court days must be considered unopposed and may be granted on that ground. *See* Hon. Cynthia Bashant's Standing Order for Civil Cases § 6. Plaintiff has not filed an opposition to the instant application.

dispositive of the first gateway question of arbitrability—it goes to the very heart of whether an agreement to arbitrate exists.").

The Court finds it appropriate to grant Defendants' request for limited discovery. The letter is directly related to whether an arbitration agreement was formed between the parties. The authenticity of the letter, specifically the date of its creation, is central to resolving whether or not Plaintiff timely opted out of the arbitration agreement. Defendants require the letter itself to determine whether the testimony of an ESI expert will be necessary at the evidentiary hearing. This testimony, in turn, may be necessary to the Court's determination of the sole underlying issue in this case.

Further, the Court finds it appropriate to grant this relief ex parte. See *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (*ex parte* relief is appropriate where moving party shows it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it did not create the circumstances warranting *ex parte* relief). First, Defendants did not create the circumstances necessitating this application. They have sufficiently demonstrated that they attempted to contact Plaintiff by telephone and email numerous times over a two-week period regarding production of the letter—and the filing of the instant application—but received no response. (Decl. of Elizabeth C. Farrell ¶¶ 2–4, ECF No. 16; Ex. A to Farrell Decl.) Second, as stated above, Defendants will suffer irreparable harm if they are unable to determine what evidence will be necessary to carry their burden at the evidentiary hearing.

Accordingly, the Court **GRANTS** Defendants' Application (ECF No. 16). Defendants shall serve on Plaintiff, no later than **November 19, 2020**, a request for production of the opt-out letter referenced in Plaintiff's Opposition to Defendants' Motion to Compel (ECF No. 11), in native format (i.e., including any ESI), and any copies thereof. Plaintiff is ordered to respond to such request no later than **November 25, 2020**.

**IT IS SO ORDERED.**

**DATED: November 17, 2020**

Hon. Cynthia Bashant
United States District Judge